UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMILLE BELL | CIVIL ACTION |
| VERSUS | NO. 12-2674 |
| POSTMASTER GENERAL, PATRICK R. DONAHOE | SECTION: "F" |

ORDER & REASONS

Before the Court is the defendant's motion to dismiss and for summary judgment. For the reasons that follow, the motion is GRANTED.

Background

This is an employment discrimination lawsuit.

Camille Bell, a 61 year-old African American woman, works as a clerk in the Time and Attendance Collection Systems (TACS) Office of the United States Postal Service in New Orleans. Bell has worked as a TACS clerk for twelve years, and has been with the Postal Service since 1978. She claims that for the past few years, her manager, Vanessa Smith, has subjected her to retaliation, age discrimination, racial discrimination, and a hostile work environment.

Bell alleges that when Smith first came to the TACS Office, she gave all the clerks a fourteen-day suspension for falsifying information. Bell claims the suspensions were found meritless and ultimately rescinded. When all the clerks filed grievances with the National Labor Relations Board, Smith retaliated. On November 10,

-1-

2011, Bell filed (and later amended) a formal EEO Complaint of Discrimination in the Postal Service against Smith, alleging nine instances of discrimination based on age and retaliation:

> 1) On July 14, 2011, Smith directed Bell to move a chair from beside her desk.
>
> 2) On August 12, 2011, Smith notified Bell that her assignment was being reposted.
>
> 3) On August 12, 2011, Smith advised Bell that sick leave requests for doctor's appointments would only be approved for four hours.
>
> 4) On August 14, 2011, Smith yelled at Bell regarding union requests.
>
> 5) On August 18, 2011 and October 31, 2011, Smith subjected Bell to investigative interviews.
>
> 6) On September 2, 2011, Smith excluded Bell from a telephone conference.
>
> 7) On December 7, 2011, Bell's request for leave was denied.[1]
>
> 8) On January 17, 2012, Bell was charged leave without pay instead of annual leave for the period of December 29, 2011 through January 13, 2012.
>
> 9) On April 4, 2012, after arriving at work twenty minutes late, Bell was not allowed to revise her schedule but instead was charged leave without pay.

On September 6, 2012, the EEOC issued a Notice of Right to Sue. On November 5, 2012, Bell filed suit in this Court against Patrick R. Donahoe, Postmaster General of the United States Postal Service. In her complaint in this Court, Bell alleges fourteen instances of

---

[1] Bell alleged this incident also involved sexual discrimination. However, she raises no sex discrimination claims in this Court.

retaliation, age discrimination, racial discrimination, and a hostile work environment, including:

> 1) On February 17, 2011, Smith accused Bell of not effectively performing her duties and threatened her job.
>
> 2) On March 3, 2011, Smith transferred a call to Bell to assist a customer with entering time even though Bell was suspended.
>
> 3) On March 25, 2011, Smith insisted that Bell process some forms, even though Bell told Smith she was too busy.
>
> 4) On June 1, 2011, Smith attempted to deliver a letter to Bell but Bell refused to accept it.
>
> 5) On July 14, 2011, Smith directed Bell to move a chair from beside her desk because it was a safety hazard, even though the chair had been there for years.
>
> 6) On August 12, 2011, Smith informed Bell that her job was being reposted and that she must bid on the new position or forfeit the job.
>
> 7) Also on August 12, 2011, Smith announced a new policy of approving only four hours of leave for doctor's appointments.
>
> 8) On August 14, 2012, Smith became belligerent when Bell requested a Union Representative.
>
> 9) On August 18, 2011 and October 31, 2011, Smith subjected Bell to investigative interviews for unacceptable behavior and failure to follow instructions.
>
> 10) On September 2, 2011, Smith excluded Bell from a telephone conference.
>
> 11) On December 7, 2011, Smith denied Bell's request for excess annual leave.
>
> 12) On April 4, 2012, after Bell arrived at work twenty minutes late due to inclement weather, Smith would not adjust her schedule and required her to take leave without pay.
>
> 13) On April 12, 2012, when Bell took her second break of the day after lunch instead of at its regular time, Smith "began

> babbling that she will change all of this."
>
> 14) On August 6, 2012, Bell became upset after Smith pressured her to fill out a form immediately.

The Postmaster General now moves to dismiss for failure to exhaust administrative remedies and for summary judgment. Bell, who is proceeding in this case pro se, opposes dismissal.

## I. Standard for 12(b)(1) Dismissal

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). There is disagreement in the Fifth Circuit on whether exhaustion of Title VII claims is merely a prerequisite to suit, or whether it is a requirement that implicates subject matter jurisdiction and therefore Rule 12(b)(1). Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006).

## II. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary

judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary

judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

### III. Discussion

A. The Plaintiff's Claims Based on Instances 1-4 and 13-14 and of Racial Discrimination are Barred

The defendant first contends to be entitled to dismissal of the plaintiff's claims based on instances 1-4 and 13-14 and of racial discrimination, based on the plaintiff's failure to exhaust her administrative remedies respecting those claims. The Court agrees.

Title VII requires employees to exhaust administrative remedies with the EEOC before seeking relief from federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002)(courts may entertain a Title VII claim only if the aggrieved party has exhausted her administrative remedies). That is, as a condition precedent to filing suit, a plaintiff must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1), (f)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and administrative efforts fail to reach a resolution. McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008)("[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation"). The Court must, the Fifth Circuit instructs, "construe[] an EEOC complaint broadly but in terms of the

administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" Id.

Bell did not file a charge of discrimination with the EEOC based on racial discrimination; instead, she asserted only complaints of retaliation, age discrimination, and a hostile work environment. Because Bell failed to exhaust her administrative remedies with respect to her racial discrimination claims, those claims are now barred. Likewise, Bell's claims based on instances 1-4 and 13-14 as outlined in her complaint in this Court are barred by her failure to raise those claims in the administrative process. The defendant is therefore entitled to dismissal of these claims.

    B.  The Plaintiff Cannot Make a Prima Facie Case of Age Discrimination

The defendant next seeks summary judgment on the plaintiff's age discrimination claims. Claims of age discrimination are governed by the Age Discrimination in Employment Act of 1967 (ADEA). Under the AEDA, it is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, the plaintiff must establish that: (1) she is at least 40 years old; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a younger employee or treated less favorably than a similarly situated younger employee. Sandstad v. CB Richard Ellis, Inc., 309

F.3d 893, 897 (5th Cir. 2002).  If the plaintiff makes out a prima facie case, the burden of production shifts to the defendant to proffer a legitimate nondiscriminatory reason for the employment decision.  Id.  Once the defendant meets its burden, the plaintiff is left with the ultimate burden of proving age discrimination.  Id.

The defendant first contends that most of the plaintiff's claims involve "minor annoyances" that do not rise to the level of adverse employment actions.  The Court agrees.  Under Fifth Circuit precedent, "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007)(internal quotation marks and footnote omitted).  None of the alleged instances, except number 11, when Bell was denied use of her excess annual leave, and, perhaps, number 12, when Bell was charged leave without pay for arriving to work late, constitute an "adverse employment action."[2]

But the defendant correctly responds that the plaintiff fails to establish that she was treated less favorably than a similarly situated younger employee.  Bell points to no worker outside the protected class who received more favorable treatment from Smith.  In fact, she repeatedly alleges that Smith treated all the TACS

---

[2] Even number 12 can hardly be said to be an "adverse employment action."  Although it may appear to involve the ultimate employment decision of granting or denying leave, in fact, the defendant claims Bell was charged leave without pay only because she herself refused to use annual leave.

clerks poorly.

The defendant has offered legitimate, nondiscriminatory reasons both for denying plaintiff's excess leave request and for charging her leave without pay after she arrived to work late. Bell was denied use of her excess annual leave because she failed to timely submit a leave request even after being notified of the need to do so. Notification was hand delivered and also sent by certified mail to Bell, specifically informing her that her failure to timely file a leave request could result in forfeiture. The plaintiff presents nothing that casts doubt on the defendant's proffered reasons. There is simply nothing on this record that the actions at issue were motivated by age discrimination.

C. The Plaintiff Cannot Make a Prima Facie Case of Retaliation

The defendant also seeks summary judgment on the plaintiff's retaliation claims. Bell charges that Smith unlawfully retaliated against her after she and all the other TACS clerks filed grievances with the National Labor Relations Board challenging their 14-day suspensions. The defendant contends that he is entitled to summary judgment dismissing Bell's retaliation claims because she fails to present a prima facie case, and fails to rebut the proffered nonretaliatory reasons for the various employment actions at issue. The Court agrees.

Title 42, United States Code, § 2000e-3(a) prohibits an employer from discriminating against an employee "because [she] has

opposed any practice made unlawful by this subchapter...."

The well-known <u>McDonnell Douglas</u> burden-shifting framework applies to retaliation cases brought under a pretext theory. <u>Septimus v. The University of Houston</u>, 399 F.3d 601, 608 (5th Cir. 2005). First, the plaintiff must establish a prima facie case of retaliation; the plaintiff must show: (1) she participated in protected activity under Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. <u>Aryain v. Wal-Mart Stores Texas LP</u>, 534 F.3d 473, 484 (5th Cir. 2008). In the retaliation context, "adverse employment action" includes "any action that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." <u>McCoy</u>, 492 F.3d at 559 (5th Cir. 2007)(internal quotation marks omitted). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the employment action. <u>Aryain</u>, 534 F.3d at 484. If the employer meets this burden, the burden shifts to the plaintiff to prove the employer's reason is pretext for the retaliatory purpose. <u>Id.</u>

The defendant contends that the plaintiff fails to satisfy the first element of her prima facie case, that she participated in a protected activity under Title VII. The Court agrees. Bell claims that Smith retaliated against her after she filed a grievance with

the NLRB.  The defendant correctly contends that the grievance was not a "protected activity" within the meaning of Title VII.  "An employee has engaged in protected activity when she has (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 373-74 (5th Cir. 1998)(internal quotation marks and citations omitted). Because the grievance was not itself based on discrimination, but was rather a challenge to the merits of the across-the-board suspensions, it does not constitute an opposition to an unlawful employment practice under Title VII.

Even if the Court assumes the plaintiff can make a prima facie case of retaliation, her retaliation claims fail.  Once the plaintiff makes her prima facie case, the defendant must carry his burden by articulating a legitimate, nonretaliatory reason for the employment actions.  He has done so.  The defendant has articulated nonretaliatory specific reasons for the denial of Bell's excess leave request and for the decision to charge Bell leave without pay when she was late for work:  Bell was denied the use of her excess leave because she failed to timely submit her leave request despite being notified to do so, and she was charged leave without pay because she improperly submitted a request for change of schedule and then refused to use her annual leave when given the option.  The

record is clear.

The burden falls to the plaintiff to establish that the employer's stated reason is pretext for the real, retaliatory purpose. Id. She has not done so.[3] Although the plaintiff claims she complained about Smith, there is no evidence that, but-for her complaints, she would not have been denied use of her excess leave or charged leave without pay.[4]

> D. The Plaintiff Cannot Make a Prima Facie Case of a Hostile Work Environment

The defendant also seeks summary judgment on the plaintiff's hostile work environment claims. To establish a hostile work environment, the plaintiff must prove that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3)

---

[3] The Court is mindful that Bell is representing herself in this matter, and accordingly her filings must be liberally construed. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citing Estelle v. Gable, 249 U.S. 97 (1976))("A document filed *pro se* is 'to be liberally construed' and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, the Court notes that Bell's "*pro se* status does not exempt her from the usual evidentiary requirements of summary judgment." See Ellis v. Principi, 246 F. App'x 867, 869 (5th Cir. Sept. 5, 2007) (per curiam) (citing Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)); cf. Merriman v. Potter, 251 F. App'x 960, 965-66 (5th Cir. Oct. 25, 2007) (per curiam) (referencing Fed. R. App. P. 28 and noting that "even a *pro se* appellant must brief the reasons for the requested relief, including 'citation to the authorities, statutes and parts of the record relied on'"). The plaintiff failed to cite to any authority or part of the record in support of her theory of recovery.

[4] In fact, it was not even Smith, but another manager, Gary Laborde, who denied Bell's request for use of her excess annual leave. Bell's case seems anger-driven at best.

the harassment complained of was based upon the protected trait; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." See Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002). For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. (internal quotation marks and citations omitted). To determine whether a work environment is hostile or abusive, the Court considers the totality of the circumstances, including the frequency and severity of the allegedly discriminatory conduct, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with the employee's work performance. Id. "Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996).

The defendant contends the plaintiff cannot satisfy several of the threshold elements of a hostile work environment claim. The Court agrees. The plaintiff cannot show that the alleged harassment was based on a protected trait. There is no evidence to indicate that Smith's actions were based on Bell's age, or designed as

retaliation for any protected activity.  Neither does the record reflect that the alleged harassment affected a term, condition, or privilege of employment--the actions complained of are not "sufficiently severe or pervasive."  Although Bell was in her mind offended by Smith's actions, and it is unclear whether or to what extent those actions somehow interfered with Bell's work performance, there is nothing of record that Smith's actions were discriminatory, physically threatening, or humiliating.  Ramsey, 286 F.3d at 268.[5]

Accordingly, the defendant's motion to dismiss and for summary judgment is GRANTED.  The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, November 21, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court also notes that it appears as though the defendant took prompt remedial action in response to Bell's complaints of a hostile work environment.  Manager Gary Laborde met with Human Resources to conduct a Work Climate Assessment of the TACS Office, and an investigative summary concluded that there was no hostile work environment.